KATHERINE K. HUANG (State Bar No. 219798)
AARON M. MAY (State Bar No. 207751)
HUANG YBARRA SINGER & MAY LLP
550 South Hope Street, Suite 1850
Los Angeles, CA 90071-2604
Telephone: (213) 884-4900
Katherine.Huang@hysmlaw.com
Aaron.May@hysmlaw.com

Attorneys for Defendants
David E. Smith, MMB Holdings, LLC,
And Mojobear Capital, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID E. SMITH; MMB HOLDINGS LLC; and MOJOBEAR CAPITAL LLC,<br><br>　　　　　Defendants,<br><br>　- and -<br><br>INDIEPUB ENTERTAINMENT, INC.,<br><br>　　　　　Nominal Defendant. | CASE NO. 2:14-cv-9107-ODW-(jc)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: March 30, 2015<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright II<br><br>Pre-Trial Conference Date: not set<br>Trial Date: not set |

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on March 30, 2015 at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 11 – Spring Street Floor of the United States District Court for the Central District of California before the Honorable Otis D. Wright II, at 312 North Spring Street Los Angeles, CA 90012, Defendants David E. Smith, MMB Holdings, LLC, and Mojobear Capital, LLC (collectively, "Defendants") will, and hereby do, move the Court for an order dismissing Plaintiff's Aaron Rubenstein's Complaint and all causes of action contained therein, with prejudice.

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff lacks statutory standing to prosecute this derivative lawsuit brought under Section 16 of the Securities Exchange Act of 1934 because he did not comply with the statute's demand requirements. In particular:

1. Plaintiff failed to wait 60 days after making a demand to the issuer (Indiepub Entertainment, Inc.) before he filed suit on behalf of the issuer as required by 15 U.S.C. § 78p(b); and

2. Plaintiff failed to allege that the demand he purportedly submitted to the issuer (A) was sent to the issuer's Board of Directors and (B) stated (i) the identity of the alleged wrongdoers, (ii) the wrongdoing they allegedly perpetrated and the resultant injury to the corporation, and (iii) the legal action the shareholder wants the board to take on the corporation's behalf. Simmonds v. Credit Suisse Securities (USA) LLC, 638 F.3d 1072, 1090 (9th Cir. 2011), reversed on other grounds at 132 S.Ct. 1414 (2012).

In addition, the Complaint's Second Claim for Relief fails to state a claim as, by its own admission, it is based entirely upon speculative facts that Plaintiff hopes to find support for in discovery and not upon actual facts known to him at the time

of filing the Complaint. After meeting and conferring, Plaintiff concedes the Second Claim for Relief fails to state a claim and has informed Defendants he will not object to its dismissal.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, all other matters of which the Court takes judicial notice, the Court's file in this matter, and any other evidence and argument as may be presented at the hearing on the Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 16, 2015. Plaintiff's lead counsel informed Defendants' counsel that he would be out of the country between February 21 and March 16, 2015. Accordingly, Defendants agreed to request that the hearing on the motion be held after March 16, 2015.

DATED: January 28, 2015  HUANG YBARRA SINGER & MAY LLP

By: */s/ Aaron M. May*
　　　AARON M. MAY

Attorneys for Defendants
DAVID E. SMITH; MMB HOLDINGS LLC; and MOJOBEAR CAPITAL LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The old adage that "no good deed goes unpunished" applies with particular force to this lawsuit. Nominal defendant Indiepub Entertainment, Inc. ("Indiepub") was a small, publicly traded company that was struggling to survive. In its time of need it turned to one of its largest stockholders, defendant MMB Holdings ("MMB"), for a loan. MMB answered the call for help and leant Indiepub over $9 million, not a single penny of which was ever paid back. As part of that loan transaction, MMB was awarded options and warrants to purchase Indiepub stock, none of which MMB ever exercised.

Despite the fact that MMB lost millions of dollars from this transaction and never purchased or sold any stock in connection with the loan, plaintiff Aaron Rubenstein, an alleged security owner of Indiepub, has filed this derivative lawsuit against MMB and its owners to disgorge "short-swing profits" pursuant to Section 16(b) of the Securities Exchange Act of 1934. Putting aside the fact that there are no actual profits to disgorge, Plaintiff's lawsuit is riddled with flaws, both procedural and on the merits.

This motion seeks to dismiss the lawsuit based on flaws inherent in Plaintiff's pleadings.[1] In particular, the Complaint demonstrates that Plaintiff has failed to adhere to the demand requirements that would permit him to bring a derivative lawsuit against Defendants on behalf of Indiepub. First, Plaintiff failed to wait 60 days after allegedly serving a demand on Indiepub before he filed this lawsuit as is required. Instead, he only waited 22 days. Second, Plaintiff failed to allege facts establishing that the demand he did serve was adequate under Delaware law. For example, he did not allege that his demand identified the defendants, the transactions alleged in the Complaint, or the damages that he claims are owed.

---

[1] In the event this motion is denied, Defendants intend to file additional motions that rely upon evidence for their resolution and thus are not properly made at this stage of the proceeding.

MOTION TO DISMISS
1   CASE NO. 2:14-CV-9107-ODW-(JC)

Accordingly, because Plaintiff has not alleged that he adhered to these necessary demand requirements, he is unable to bring this lawsuit on Indiepub's behalf.

In addition, the Complaint's Second Claim of Relief should be dismissed because it does not allege facts establishing a violation of Section 16. Rather, it seeks relief based upon the mere possibility that Plaintiff may at some time in the future discover additional facts that might be a violation of Section 16. Plaintiff agrees that the Second Claim of Relief should be dismissed and does not oppose this portion of the motion.

## II.   ALLEGATIONS IN THE COMPLAINT[2]

### A.   Transactions at Issue - First Claim for Relief

On March 9, 2012, defendant MMB entered into a loan agreement with Indiepub Entertainment, Inc.[3] (Complaint ¶ 15.) Pursuant to that agreement, Indiepub was allowed to borrow money from MMB and each time that Indiepub borrowed money, MMB was given an option or warrant to purchase Indiepub's common stock at $.40. (*Id.* ¶¶ 15, 18.) Indiepub's financial troubles grew and, on November 28, 2012, MMB and Indiepub amended their loan agreement to increase the amount of money Indiepub could borrow from MMB. As part of that amendment, Indiepub agreed to reduce the exercise price of the options/warrants given to MMB from $.40 to $.15. (*Id.* ¶ 18.)

Although the Complaint is unclear, it appears to allege that pursuant to the loan agreement, Indiepub borrowed several million dollars from MMB at various dates between July 23, 2012 and April 23, 2013. (*Id.* ¶ 17.) Plaintiff alleges that under his construction of the Securities and Exchange Commission's ("S.E.C.")

---

[2] Defendants dispute many of the facts alleged in the Complaint, but treats them as true for purposes of this Motion to Dismiss, as they must.

[3] Defendant Mojobear Capital LLC is the managing member of MMB and defendant David E. Smith is the sole member of Mojobear Capital LLC. (Complaint ¶¶ 7, 9.)

rules, each time MMB loaned money to Indiepub and received an option or warrant, it was "deemed" to have purchased Indiepub's stock at the open market price. (*Id.* ¶ 16.) Plaintiff further alleges that when the loan agreement was amended on November 28, 2012, under his construction of the S.E.C.'s rules this was deemed to be a simultaneous sale of the shares underlying the old options or warrants and purchase of the shares underlying the new options or warrants. (*Id.* ¶ 19.) Plaintiff seeks from Defendants the calculated difference between the stock price on the day of the deemed purchase and the stock price on the day of the deemed sale, claiming these are somehow "profits."[4]

Defendants, however, did not make any actual profits from these transactions, exercise any options or warrants, or purchase or sell any stock in connection with the loans described in the Complaint, and the Complaint does not allege otherwise. Nowhere does Plaintiff allege (or can he allege) that any defendant exercised any of the options or warrants it received. Further, nowhere does Plaintiff allege (or can he allege) that any defendant bought or sold a single share of Indiepub stock during the time period of the allegations in this lawsuit or that defendants utilized any "inside information." Finally, nowhere does Plaintiff allege that Indiepub paid back any of the money it borrowed or that any defendant received a single dollar, as a result of these transactions. To the contrary, far from making any profits from these transactions, Defendants actually lost millions of dollars in its efforts to try to help Indiepub.

**B.     Possible Other Unknown Transactions - Second Claim for Relief**

The Second Claim of Relief, by its own admission, is not based upon actual facts known by the Plaintiff but rather is premised upon the speculative possibility that Plaintiff may learn additional information during the course of the lawsuit that

---

[4] Plaintiff's interpretation of the S.E.C. rules has been flatly rejected by courts on multiple occasions, including in lawsuits brought by the same Plaintiff's counsel.

may possibly amount to a violation of Section 16(b). It states: "This Second Claim for Relief is a precaution against probable errors and omissions of details attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action." (*Id.* ¶ 25.) It then goes on to state that defendants possibly made profits from purchases and sales of Indiepub stock at some point in time during within the statute of limitations period.

### C. **Plaintiff Only Made His Demand 22 Days Before Filing this Lawsuit**

The sole allegation in the Complaint regarding Plaintiff's demand on the issuer is as follows: "Demand for prosecution was made by plaintiff on INDIEPUB ENTERTAINMENT on November 3, 2014." (Complaint ¶ 13.) The Complaint does not allege how the demand was made (email, oral, letter, etc.) nor to whom or where it was delivered. Further, the Complaint does not attach a copy of the demand nor does it provide any description of what the contents of the demand were. After waiting only 22 days after allegedly making his demand on Indiepub, Plaintiff filed this lawsuit on November 25, 2014. (Docket Entry #1.)

### D. **The Parties Met And Conferred And Narrowed The Issues Of Disagreement**

On January 16, 2015, the parties met and conferred by telephone. Defendants explained the bases of their motion to dismiss to Plaintiff. While the parties could not reach agreement regarding the sufficiency of Plaintiff's demand, they did reach agreement regarding the Second Claim for Relief. Plaintiff agreed that the Second Claim for Relief was not properly pled and indicated he would not oppose Defendants' motion to dismiss the Second Claim for Relief.

## III. ARGUMENT

### A. The Complaint Must Be Dismissed Because Plaintiff Failed To Comply with Section 16(b)'s Demand Requirements

"Congress enacted Section 16(b) as part of the Exchange Act to prevent corporate insiders from exploiting their access to information not generally available to others." Dreiling v. Am. Online Inc., 578 F.3d 995, 1001 (9th Cir. 2009) (internal quotation marks and alterations omitted). "Section 16(b) requires corporate insiders to disgorge any trading profits they obtain in any 'short-swing' transaction, which is defined as 'a coupled purchase-and-sale, or sale-and-purchase completed within six months." Simmonds v. Credit Suisse Securities (USA) LLC, 638 F.3d 1072, 1090 (9th Cir. 2011), reversed on other grounds at 132 S.Ct. 1414 (2012) (quoting Dreiling, 458 F.3d at 947.) If there are short-swing profits, Section 16(b) provides that they "shall inure to and be recoverable by the issuer." 15 U.S.C. § 78p(b).

Section 16(b) permits the issuer of the stock to bring suit to recover any short-swing profits by insiders. In limited circumstances, a shareholder can bring suit on behalf of the issuer. "Shareholders may only file a Section 16(b) suit after requesting that the issuing company take appropriate action against its insiders. If sixty days pass after a shareholder demand has been made without the issuing company resolving the matter (either informally or via lawsuit), shareholders may file suit on the issuing company's behalf." Simmonds, 638 F.3d at 1087-1088. This is referred to as the "demand requirement." Id.; cf Gordon v. Bindra et al., 14-CV-01058-ODW, 2014 WL 2533798, at *4 (C.D. Cal June 5, 2014) (Hon. Otis D. Wright).

Not only must a demand be made, but the demand must be adequate to put the issuer on notice. Simmonds, 638 F.3d at 1088. The adequacy of the demand is determined in accordance with the law of the state of incorporation of the issuer, which in this case is Delaware. Id. (citing Kamen v. Kemper Fin. Servs., Inc., 500

U.S. 90, 108 (1991)); cf. Gordon, 2014 WL 2533798, at *4; Complaint ¶ 2 (Indiepub is a Delaware Corporation). Under Delaware law, as determined by the Ninth Circuit, demand letters must:

> specifically state: (i) the identity of the alleged wrongdoers, (ii) the wrongdoing they allegedly perpetrated and the resultant injury to the corporation, and (iii) the legal action the shareholder wants the board to take on the corporation's behalf.

Id. at 1090 (quoting Yaw v. Talley, No. Civ. A 12882, 1994 WL 89019, at *7 (Del. Ch. Mar. 2, 1994)).

Failure to comply with the demand requirement can be challenged via a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. at 1095 (affirming district court's order granting motion to dismiss Section 16(b) lawsuits where plaintiff failed to comply with Delaware's demand requirements).

### 1. The Complaint Must Be Dismissed Because Plaintiff Failed to Wait 60 Days After Making His Demand Before Filing Suit

As is apparent from the face of the Complaint, Plaintiff failed to wait 60 days after making his demand to file this lawsuit. Because he failed to follow this procedural requirement, this lawsuit must be dismissed. See 15 U.S.C. § 78p(b); Simmonds, 638 F.3d at 1087-1088 (shareholders may file suit on issuer's behalf only after sixty days pass from making a demand); Henss v. Schneider, 132 F.Supp. 60, 62 (S.D.N.Y. 1955) (dismissing shareholder lawsuit that was filed before 60 days elapsed after demand was made); Jones v. Fremont Energy Corp., 537 F.Supp. 300, 301 (D. Colo. 1982) ("the corporation's right to prosecute the claim passes to the shareholders only where the corporation fails to take appropriate action within the specified time period.").

Defendant may claim that the reason he did not wait 60 days from November 3, 2014 to file this lawsuit was because if he had waited the requisite amount of time, the two-year statute of repose would have expired. See Complaint

¶ 13. That may be an *explanation* for why he did not wait 60 days but that is not an *excuse*. The statute explicitly requires a shareholder to wait 60 days before he can file suit. Congress could have included an exemption from the 60-day waiting period if the statute of repose was approaching, but it chose not to. Without such a statutory exemption, approaching the statute of repose date does not provide an excuse for failing to wait 60 days. See Credit Suisse Securities (USA) LLC v. Simmonds, 132 S.Ct. 1414, 1419 (2012) (reversing Ninth Circuit where Ninth Circuit created an exception to Section 16(b)'s statute of repose that was not set forth in the text of the statute).

As this defect cannot be cured by amending the Complaint, the Court should dismiss the lawsuit without leave to amend. See Somers v. Apple, Inc., 729 F.3d 953, 960 (9th Cir. 2013) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment") (internal quotations and alterations omitted).

### 2. The Complaint Must Also Be Dismissed Because Plaintiff Has Not Alleged That His Demand To Indiepub Met Delaware's Requirements

The Ninth Circuit has made it clear that in order for a shareholder of a Delaware corporation to bring a Section 16(b) lawsuit he must first submit a demand to the issuer's board of directors that satisfies Delaware's requirements. See Simmonds, 638 F.3d at 1087-1088 (affirming dismissal of thirty Section 16(b) lawsuits on the grounds that the demand letters plaintiff submitted to the issuers "fail[ed] to satisfy the demand requirement under Delaware law"). In particular, the demand must be delivered to the Board of Directors and identify the wrongdoers, the particular transactions being challenged and the damages therefrom, and the legal action that the shareholder is requesting the issuer take. Id. at 1090. Plaintiff has the burden of proof in establishing a satisfactory demand was

made.  Id. ("the party asserting the demand was made … bear[s] the burden of proof") (quoting Yaw v. Talley, 1994 WL 89019, at *7).

Here Plaintiff has failed to allege that the demand he sent to Indiepub meets any of Delaware's requirements.  He simply, and in a conclusory manner, pleads that "demand for prosecution was made."  Complaint ¶ 13.  Nowhere does Plaintiff allege that his demand (i) identified any of the defendants as the wrongdoers, (ii) identified all of the transactions set forth in the Complaint for which relief is now being sought and the amount of profits he seeks to disgorge from those transactions, or (iii) requested Indiepub file a lawsuit against the defendants pursuant to Section 16(b).  Further, Plaintiff does not allege that he sent his demand to Indiepub's Board of Directors as opposed to someone else at Indiepub.  See Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1209 (9th Cir. 1980) (holding plaintiff failed to comply with the demand requirements where he submitted his demand to "the president/director and general counsel of the corporation" instead of the Board of Directors).  Because the Complaint fails to allege facts sufficient to show that the demand requirements have been satisfied, the Court must dismiss the Complaint. See Simmonds, 678 F.3d at 1148; Greenspun, 634 F.2d at 1209.

### B.   **Plaintiff Concedes The Second Claim For Relief Should Be Dismissed Because It Is Not Premised Upon Actual Facts But Rather The Mere Possibility Of The Discovery Of Facts Later On**

As this Court has previously stated, in order to survive a motion to dismiss, "[t]he factual 'allegations must be enough to raise a right to relief above the speculative level.'"  Gordon, 14-CV-01058-ODW, 2014 WL 2533798, at *3 (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)).  To satisfy the Twombly standard, the complaint must make a "*showing* that the pleader is entitled to relief."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2007).  "[W]here the well-pleaded facts do not permit the court to infer more than the *mere possibility* of

misconduct, the complaint has alleged – but is has not *shown* – that the pleader is entitled to relief." Id. at 1950 (citing Fed. R. Civ. Proc 8(a)(2)) (emphasis added).

Here, Plaintiff's Second Claim for Relief is based entirely upon speculation and the "mere possibility of misconduct" that might be discovered during the course of the lawsuit. This does not meet Twombly and Rule 8's pleading requirements. See, e.g., Chechele v. Morgan Stanley, 896 F. Supp. 2d 297, 304 (S.D.N.Y. 2012) (dismissing nearly identically-pled Section 16(b) claim brought by same Plaintiff's counsel and citing other cases brought by same counsel that were dismissed upon the same grounds). After meeting and conferring, Plaintiff agrees that this claim is not properly pled and consents to its dismissal.

## IV. CONCLUSION

Plaintiff failed to wait 60 days after serving a demand on Indiepub before he filed this lawsuit. As a result, he lacks the ability to prosecute this case and it must be dismissed. Because this is not a defect that can be cured through amendment, the Court should dismiss the case without leave to amend. Plaintiff also has not alleged facts establishing that the demand he purports to have sent to Indiepub met Delaware's demand requirements. This is a second reason the lawsuit must be dismissed.

//
//
//
//
//
//
//
//
//

In addition, regardless of whether a proper demand was made, the Second Claim of Relief fails to make a "showing" that Plaintiff is entitled to relief and instead relies upon the "mere possibility" that Plaintiff will discover additional facts during the course of the lawsuit. This is not permissible under Federal Rule of Civil Procedure 8(a) and the Second Claim for Relief should be dismissed for this additional reason.

DATED: January 28, 2015              HUANG YBARRA SINGER & MAY LLP


                                     By: */s/ Aaron M. May*
                                              AARON M. MAY

                                     Attorneys for Defendants
                                     DAVID E. SMITH; MMB HOLDINGS
                                     LLC; and MOJOBEAR CAPITAL LLC