O

# United States District Court
# Central District of California

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID E. SMITH; MMB HOLDINGS LLC; MOJOBEAR CAPITAL LLC; INDIEPUB ENTERTAINMENT, INC.,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-09107-ODW-JC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [18]** |

## I.　INTRODUCTION

Pending before the Court is a Motion to Dismiss filed by Defendants David E. Smith, MMB Holdings LLC, Mojobear Capital LLC, and indiePub Entertainment, Inc. (collectively "Defendants"). (ECF No. 18.) Plaintiff Aaron Rubenstein's Complaint alleges that Defendants violated Section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p(b). (ECF No. 1.) This action seeks to recover the alleged profits from short-swing stock trades by corporate insiders. For the reasons discussed below, the Court **DENIES** Defendants' Motion to Dismiss.[1]

/ / /

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Rubenstein, an owner of securities in indiePub Entertainment, Inc. ("indiePub"), brings this action in a derivative capacity on behalf of indiePub. (Compl. ¶¶ 2, 4.) Mojobear Capital LLC ("Mojobear"), whose sole member is David E. Smith, is the managing member of MMB Holdings ("MMB"). (*Id.* ¶¶ 5–9.) On March 9, 2012, MMB entered into a loan agreement with indiePub. (*Id.* ¶ 15.) The agreement provided that MMB would make future loans to indiePub in exchange for an option or warrant to purchase shares of indiePub's common stock over a defined period and at a defined price. (*Id.*) Rubenstein alleges that the agreement gave an "insider [] a right to acquire shares" and thus violates Section 16(b). (*Id.* ¶ 16.)

On November 28, 2012, MMB and indiePub amended the terms of the options agreement by reducing the exercise price at which shares could be purchased from $0.40 per share to $0.15 per share. (*Id.* ¶ 18.) Rubenstein alleges that this material amendment of an outstanding option or warrant "is deemed to be a cancellation of the existing option or warrant and the issuance of a new option or warrant." (*Id.* ¶ 19.) That same day, MMB allegedly sold 14,952,775 shares of indiePub at $0.54 per share. (*Id.* ¶ 21.) From July 23, 2012 through April 23, 2013, MMB purchased indiePub stock on twenty-five different occasions. (*Id.* ¶ 17.) Rubenstein alleges that MMB profited over $2,000,000 through such transactions. (*Id.* ¶ 23.) Those short-swing profits are allegedly recoverable by indiePub pursuant to Section 16(b). (*Id.* ¶ 24.)

On November 3, 2014, Rubenstein sent a written prosecution demand letter to indiePub. (*Id.* ¶ 13.) On November 25, 2014, Rubenstein filed his Complaint which asserts only one cause of action under Section 16(b).[2]

## III. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face."

---

[2] The parties stipulate to dismiss Rubenstein's second cause of action. (*See* ECF No. 18 ["MTD"] at 4; ECF No. 22 ["Opp. Br."] at 10.)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleading in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks and citations omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted). "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (internal citations omitted). The Court may consider contracts incorporated in a complaint without converting a motion to dismiss into a summary judgment hearing. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

### IV. DISCUSSION

Defendants make two arguments in their Motion to Dismiss. First, they argue that the Court must dismiss the Complaint on grounds that Rubenstein failed to comply with the waiting period requirement in Section 16(b). (MTD at 5–6.) Second, Defendants argue that Rubenstein's Complaint failed to allege the contents of the demand letter. (*Id.* at 7–8.) For the reasons discussed below, the Court rejects both

arguments.

## A. Demand Requirements and the Statute of Repose

Defendants' first argument is based on the timing between Rubenstein's demand letter to indiePub and the filing of this lawsuit. Section 16(b) "imposes strict liability on insiders, regardless of motive, and disgorges profits from all short-swing trades even those not actually based on inside information." *Dreiling v. Am. Online Inc.*, 578 F.3d 995, 1001 (9th Cir. 2009). In order to bring a derivative suit under Section 16(b), the shareholder must first make a demand on the securities issuer to allow the issuer the first opportunity to prosecute the "insiders" and recover the short-swing profits. *Id.* The relevant provision states:

> Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no suit shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b).

At issue here is the relationship between Section 16(b)'s demand requirement and its statute of repose. A shareholder must demand the issuer bring a suit against the insiders and then wait "sixty days after the request" before filing a derivative action. *Id.* The derivative action must be brought within two years after the short-swing trade. *Id.* What happens when the shareholder makes the demand with less than sixty days before the two-year deadline? If the shareholder waits the full sixty days, two years will pass thus barring the action. If the shareholder files suit before the sixty day waiting period, the issuer was not provided the statutorily-mandated sixty days to act on its own accord.

Rubenstein made his demand on indiePub on November 3, 2014 and filed this suit on November 25, 2014. The parties agree that the statute of repose expired on November 28, 2014. At the time Rubenstein sent his demand letter, he could clearly not comply with both the sixty-day waiting period and the two-year statute of repose. Defendants argue that Rubenstein's failure to wait sixty days bars his suit. (MTD at 6.) Defendants claim that the "statute explicitly requires a shareholder to wait 60 days days before he can file suit" and "Congress could have included an exemption from the 60-day waiting period if the statute of repose was approaching, but it chose not to." (*Id.* at 7.) Defendants offer no direct authority to support their position.

In his Opposition Brief, Rubenstein identifies persuasive authority that clearly authorizes the filing of a Section 16(b) suit before the sixty-day waiting period expires. *See, e.g.*, *Morales v. Mylan Labs., Inc.*, 443 F. Supp. 778, 780 (W.D. Pa. 1978) ("It is well-settled that for good reason a stock holder need not wait 60 days following a demand on a corporation to bring suit to recover short-swing profits . . . [if] cause of action apparently would have been barred by [statute of repose]."); M*orales v. McIntyre Porcupine Mines, Ltd.*, Nos. 72-3663, 72-3770, 72-3819, 1972 WL 351, *2 (S.D.N.Y. Oct. 17, 1972) ("[T]his Court feels the plaintiff-shareholders clearly were justified in instituting their own actions on behalf of the corporation before expiration of the 60 day period in view of the statute of limitations problem[.]"); *Benisch v. Cameron*, 81 F. Supp. 882, 885 (S.D.N.Y. 1948) ("[P]laintiffs had demanded that the corporation sue within a specified time to avoid the defense of the statute of limitations, and the corporation having remained mute, the suit was commenced by plaintiffs within the sixty-day period."). A prominent treatise also supports Rubenstein's position. *See* Peter J. Romeo & Alan L. Dye, Section 16 Treaties and Reporting Guide § 9.03, at 919 (4th ed. 2012) ("[T]he 60-day demand period may be shortened when the statute of limitations would expire before the end of the period.").

In addition to a complete void of authority to support their position,

Defendants' plain language argument is tenuous. The two-year statute of repose applies to both the issuer and a shareholder—"no suit shall be brought more than two years after the date such profit was realized." 15 U.S.C. § 78p(b). Defendants' reading of Section 16(b) would necessarily shorten the statute of repose to twenty-two months for shareholders. If a shareholder cannot file suit unless he waited the full sixty days, then a derivative action would be barred only twenty-two months after the alleged profit was realized because the shareholder could not satisfy the waiting period after that date. However, Section 16(b) does not create two different statutes of repose.

Furthermore, the purpose of the waiting period is not frustrated by allowing Rubenstein's suit to continue. The purpose of the sixty-day waiting period is to allow the issuer the right of first refusal in prosecuting the case. *Benisch*, 81 F. Supp. at 885. This right of first refusal is not encroached when a shareholder issues a demand letter after twenty-two months because the issuer is also bound by the two-year statute of repose. This point is illustrated by the facts in this case. Whether Rubenstein sent a demand letter or not, on November 3 indiePub only had twenty-five days to file a Section 16(b) claim before the statute of repose barred its suit. The fact that Rubenstein sent a demand letter on November 3 does not somehow limit indiePub's right of first refusal—it still only has twenty-five days to act. Since indiePub would not have a full sixty days to investigate its own Section 16(b) claim as of November 3, it is therefore illogical to require Rubenstein to comply with the full waiting period and lose his entire claim in the process. Defendants were not prejudiced in any way when Rubenstein filed this instant action without waiting a full sixty days.

The statute of repose applies equally to issuers and shareholders, and the purpose of the waiting period is not frustrated when a shareholder brings suit before sixty days to prevent the statue of repose from expiring. The inverse of Defendants' argument is also true, and more convincing: If Congress wanted a shorter statute of repose for derivative actions, it could have easily said so in the statute. Accordingly,

the Court rejects Defendants' arguments.

## B. Demand Allegations in the Complaint

Defendants also challenge the adequacy of Rubenstein's Complaint. Defendants argue "Plaintiff has failed to allege that the demands he sent to indiePub meets any of Delaware's requirements. He simply, and in a conclusory manner, pleads that 'demand for prosecution was made.'" (MTD at 8.) Defendants, citing *Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1095 (9th Cir. 2010) *vacated and remanded in* 132 S. Ct. 1414 (2012), claim that the "[f]ailure to adequately plead compliance with these demand requirements results in dismissal of the complaint." (MTD at 7.)

Defendants' citation to *Simmonds* is a bold misrepresentation of the law. *Simmonds* does not even suggest that the demand requirements must be reprinted in the complaint and there is no authority anywhere to support Defendants' claim. Defendants are free to challenge the adequacy of the demand letter itself, but it cannot make such a challenge based solely on the contents of Rubenstein's Complaint. Rubenstein's Complaint alleges that the "[d]emand for prosecution was made by Plaintiff on INDIEPUB ENTERTAINMENT, INC. on November 3, 2014." (Compl. ¶ 13.) This allegation is more than sufficient to satisfy Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. at 555. The Court, therefore, rejects Defendants' argument.

## V. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendants' Motion to Dismiss. (ECF No. 18.)

**IT IS SO ORDERED.**

April 2, 2015

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

7