AARON M. MAY (State Bar No. 207751)
KATHERINE K. HUANG (State Bar No. 219798)
HUANG YBARRA SINGER & MAY LLP
550 South Hope Street, Suite 1850
Los Angeles, CA 90071-2604
Telephone: (213) 884-4900
Aaron.May@hysmlaw.com
Katherine.Huang@hysmlaw.com

Attorneys for Defendants
David E. Smith, MMB Holdings, LLC
and Mojobear Capital, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

AARON RUBENSTEIN,

Plaintiff,

vs.

DAVID E. SMITH; MMB HOLDINGS LLC; and MOJOBEAR CAPITAL LLC,

Defendants,

- and -

INDIEPUB ENTERTAINMENT, INC.,

Nominal Defendant.

CASE NO. 2:14-CV-9107-ODW-(jc)

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO MOTION TO DISMISS**

Judge: Hon. Otis D. Wright II

Hearing Date: August 31, 2015
Hearing Time: 1:30 p.m.

Pre-Trial Conference Date: June 27, 2016
Trial Date: July 19, 2016

Defendants David E. Smith, MMB Holdings LLC, and Mojobear Capital LLC (together, "Defendants") hereby object to the exhibits attached to the Affirmation of Miriam A. Tauber (Docket No. 37), submitted by Plaintiff Aaron Rubenstein on August 10, 2015 in opposition to Defendants' Motion to Dismiss for Lack of Standing (Docket No. 34).

1. <u>Exhibits A and B to Ms. Tauber's declaration are inadmissible.</u>

Exhibits A and B are attached as exhibits to the declaration of Ms. Tauber, who is Plaintiff's attorney in this case. The only statements Ms. Tauber makes about Exhibits A and B are as follows:

- "Exhibit A is a redacted copy of Plaintiff Aaron Rubenstein's portfolio statement for the month ending November 2014." (Docket No. 37 at ¶ 2.)
- "Exhibit B is a redacted copy of Plaintiff Aaron Rubenstein's portfolio statement for the month ending July 2015." (Docket No. 37 at ¶ 2.)

Exhibits A and B are inadmissible for several reasons. First, Exhibits A and B are inadmissible under Federal Rule of Evidence 602, which requires a witness to have personal knowledge of the matter to which she is testifying. Here, Ms. Tauber does not have personal knowledge of Exhibits A and B, which purport to be portions of someone else's portfolio statements prepared by some unknown party. Exhibits A and B therefore must be disregarded. *See, e.g., Orr v. Bank of America, NT & SA*, 285 F. 3d 764, 777-78 (9th Cir. 2002) (excluding document because proponent attached it as an exhibit to the declaration of her attorney, who did not have personal knowledge of the document); *Estremera v. United States*, 442 F. 3d 580, 584-85 (7th Cir. 2006) (attorney's affidavit based on attorney's review of documents and witness interviews could not be considered because the attorney merely had "second-hand knowledge," not personal knowledge).

Second, Exhibits A and B are inadmissible under Federal Rule of Evidence

901, which requires that evidence be authenticated. Ms. Tauber has not authenticated, and cannot authenticate, Exhibits A and B because she does not have personal knowledge that the documents are what they purport to be.

Third, Exhibits A and B are inadmissible hearsay under Federal Rule of Evidence 801 & 802. Those documents are out-of-court statements being offered to prove the truth of the matters contained therein; namely, that Plaintiff Rubenstein supposedly had sufficient ownership of indiePub stock to have standing to bring this derivative claim and that the value of his indiePub stock allegedly dropped. (*See* Opp. at 8:12-13, 8:19 for references to Exhibits A and B in Plaintiff's opposition brief.)[1]

Further, Plaintiff has not submitted any foundation to establish that Exhibits A and B fall within any hearsay exception. For example, if Plaintiff wanted to establish these Exhibits as business records, he needed to provide "the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12)" the following:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;

Rule 803(6).

Plaintiff has not submitted any evidence from a qualified person establishing

---

[1] Defendants note that neither Exhibit A nor Exhibit B establishes Plaintiff had standing to file this lawsuit even under Plaintiff's own unsupported legal theories. If credited, the documents at most show Plaintiff *attempted* to purchase one share of indiePub stock for less than a penny in November 2014, after indiePub had been declared void and non-existent by the State of Delaware in March 2014. Thus, in reality, Plaintiff never actually owned a share of indiePub and thus lacked standing to bring this suit for this additional reason.

the conditions for admission as a business record or under any other hearsay exception

2. Exhibit C is inadmissible because it is not what it is purported to be.

Ms. Tauber's declaration states that Exhibit C is a copy of the hearing transcript from proceedings held on March 12, 2015 in another case. (Docket No. 37 at ¶ 3.) A review of Exhibit C's cover page indicates that it pertains to proceedings on February 17, 2015. (Docket No. 37-3 at 1.) Accordingly, on its face the exhibit is not what it purports to be. Ms. Tauber's declaration also does not properly authenticate Exhibit C. Exhibit C is therefore also inadmissible.

DATED: August 17, 2015

HUANG YBARRA SINGER & MAY LLP

By: */s/ Aaron M. May*
AARON M. MAY

Attorneys for Defendants
DAVID E. SMITH; MMB HOLDINGS LLC; and MOJOBEAR CAPITAL LLC

4820-0877-2903, v. 1